CONCURRING OPINION

Justice STEVENS.
I join the majority.
Similar to the companion case of Commonwealth v. Carrasquillo, 631 Pa. 692, 115 A.3d 1284 (2015), I write separately to emphasize my disapproval with the Superior Court’s bright-line rule that prohibited, as a matter of law, trial courts from assessing the credibility of an “assertion of innocence” made in the context of a presentence motion to withdraw a guilty plea. This per se approach, which was based upon the utterance of “magic words,” undermined the trial court’s role as a finder of fact and removed necessary discretion from the court. I agree with the majority that such an approach was unsatisfactory. Trial courts must be permitted to evaluate the credibility of an accused’s assertion of innocence, including the evidence of guilt, of delay, and of ulterior or illicit motive in *10 ruling upon an accused’s presentence motion to withdraw a guilty plea.